IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Zinganything, LLC**, <br> 1760 Wadsworth Road <br> Akron, Ohio 44320, <br><br> and, <br><br> **Brighteye Innovations, LLC**, <br> 1760 Wadsworth Road <br> Akron, Ohio 44320, <br><br>           Plaintiffs, <br><br> v. <br><br> **Adjmi Apparel Group,** <br> dba adjmi.com, <br> 463 7th Avenue <br> New York, New York 10018, <br><br> and, <br><br> **Innovative Fashion Group**, <br> 1400 Broadway, Room 2202 <br> New York, New York 10018, <br><br>           Defendants. | Case No. <br><br> Judge <br><br><br><br><br><br><br><br> ***COMPLAINT*** <br> *(Jury Demand Endorsed Hereon)* |

NOW COME the Plaintiffs, *Zinganything, LLC, and Brighteye Innovations, LLC*, and for their Complaint against the Defendant (Adjmi Apparel Group and Innovative Fashion Group shall collectively be referred to herein as "Defendant") hereby alleges as follows:

Plaintiffs' Complaint - 1

1 - 1 -

## THE PARTIES

1. The Plaintiffs, Zinganything, LLC, and Brighteye Innovations, LLC, are limited liability companies organized under the laws of Ohio, and have their principal place of business in Akron, Ohio, County of Summit.

2. The Defendant, Adjmi Apparel Grou dba adjmi.com, and Innovative Fashion Group, upon information and belief, is a New York business entity, which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

## JURISDICTION AND VENUE

3. This is an action for patent infringement. The patent claims arise under the patent laws of the United States, specifically 35 U.S.C. § 281 *et al*.

4. This Court has federal question subject matter jurisdiction in this matter, at least, pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 *et al.* because this action arises under federal law of the United States.

5. In addition or in the alternative to this Court's federal question jurisdiction, this Court also has subject matter jurisdiction pursuant to diversity of citizenship principles as the parties are from different states and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over the Defendant by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere. Plaintiffs purchased product from the Defendant and it was shipped to Ohio.

7. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state."  In this case, the Defendant transacts business in this state.  The Defendant sells infringing product in this district and elsewhere.

8. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state."  In this case, the Defendant contracts to supply goods in this state.  The Defendant sells infringing product in this district and elsewhere.

9. The Defendant has sold its allegedly infringing product widely into Ohio to large retailers such as TJMaxx, and Nordstroms.

10. Upon information and belief, the Defendant sold product over online platforms and their own website (adjmi.com), which are websites that are active rather than passive websites, meaning, they permit Ohio users to place orders, to store personal account information, to register a username and password, to access customer service, and to ship products to different states, including Ohio.  Websites with similar features have been found to satisfy the 'purposeful availment' requirement of the "minimum contacts" analysis satisfying due process.  *See, e.g., Solar X Eyewear, LLC v. Bowyer*, 2011 WL 3418306 (N.D. Ohio Aug. 4, 2011); *Wood v. 1-800-Got-Junk?, LLC*, 2007 WL 895008 (S.D. Ohio March 22, 2007); *V Secret Catalogue v. Zdrok*, 2003 WL 22136303 (S.D. Ohio Aug. 29, 2003); *Bath and Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478 (S.D. Ohio Sept. 12, 2000).

11. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) *et al.* because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and infringement occurred within this judicial district.  Further, the Plaintiffs, and its witnesses and evidence, are located in this district.  Although venue could lie in many different potential forums, venue is proper here.

## FACTUAL ALLEGATIONS

12. Since its founding, the Plaintiffs have introduced a revolutionary product line and technology designed with the purpose of extracting the essence of all natural ingredients and allowing these flavors to infuse directly into a liquid of choice.

13. The Plaintiffs' products include the Citrus Zinger®, Aqua Zinger®, Salad Zinger®, Vodka Zinger®, and Kid Zinger®, among others.

14. The Citrus Zinger® was the Plaintiffs' first product and is it's most successful.  The Plaintiffs' products are sold worldwide via its website, through distributors, at various retailers, and through large retailers.

15. The Citrus Zinger® naturally infuses the flavor, aroma, hue, plus the added vitamin, minerals, and nutrients, naturally when using fresh ingredients like fruits/vegetables in the Citrus Zinger®.

16. The Citrus Zinger® was developed to make a positive contribution toward improving daily diets – both in the food we eat and the beverages we drink. The Plaintiffs strongly believe in the infusion of farm fresh ingredients and strives to create innovative tools to harness this

power. The Plaintiffs hope its products can become a driving force in helping the average consumer divert from unhealthy beverage choices.

17. With the Citrus Zinger®, users can avoid refined sugars, artificial flavorings, preservatives, and colorings while opting for nutritional hydration utilizing all-natural ingredients.

18. The Citrus Zinger® is safe, durable, and eco-friendly, made from Eastman Tritan BPA/EA-free plastics and food-grade safe materials.

19. The Plaintiffs' Citrus Zinger® has enjoyed considerable success and has been featured on television talk shows, countless industry tradeshows, and various other media outlets.

20. Mr. Joshua A. Lefkovitz is the founder and CEO of the Plaintiff corporations, both Zinganything and Brighteye.

21. On June 3, 2014, United States Utility Patent No. 8,740,116, entitled "Essence Extracting Drinking Vessel" (hereinafter referred to as the '116 patent) duly and legally issued to Joshua A. Lefkovitz, as inventor, for the aforementioned invention.  (A true and accurate copy of the '116 patent as issued is attached hereto as "Exhibit 1.")

22. All rights to the '116 patent, including but not limited to, the right to recover for infringement thereunder, have been assigned to the Plaintiff, Brighteye Innovations, LLC.

23. The Plaintiffs' product line, including the Citrus Zinger®, reads on the '116 patent.

24. On December 24, 2013, United States Utility Patent No. 8,613,402, entitled "Essence Extractor" (hereinafter referred to as the '402 patent) duly and legally issued to Joshua A. Lefkovitz, as inventor, for the aforementioned invention.  (A true and accurate copy of the '402 patent as issued is attached hereto as "Exhibit 2.")

25. All rights to the '402 patent, including but not limited to, the right to recover for infringement thereunder, have been assigned to the Plaintiff, Zinganything, LLC.

26. The Defendant has sourced from China and sold infringing bottles to TJMaxx, Nordstroms, and other large retailers, which bottles infringe the Plaintiffs' patent rights.  <u>(See the Defendant's allegedly infringing bottle .pdf attached as "Exhibit 3.")</u>

27. The aforementioned activities of the Defendant have also injured and threaten future and immediate injury to the Plaintiffs.  More specifically, the Defendant's activities have diminished the Plaintiff's goodwill and caused the Plaintiffs to lose sales that it otherwise would have made but for the sales of the Defendant.

28. The Defendant is not authorized in any way to sell their infringing products or to use the patents owned by the Plaintiffs.

29. The Plaintiffs are entitled to an award of damages against Defendant, and are entitled to injunctive relief.

### CLAIM NO. 1
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

30. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

31. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '116 utility patent.  <u>(See Exs. 1, 3.)</u>

32. The Defendant's conduct is an infringement of the '116 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

33. The Defendant will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

34. Upon information and belief, the Defendant has been, and is, actively inducing infringement of the '116 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

35. The Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiffs' rights, and wanton, and as a result, the Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284.

36. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

### CLAIM NO. 2
(Patent Infringement – 35 U.S.C. § 271 et seq.)

37. The Plaintiffs hereby incorporate by reference each statement, whether written above or below, as if each is fully re-written herein.

38. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '402 utility patent.  (See Exs. 2, 3.)

39. The Defendant's conduct is an infringement of the '402 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

40. The Defendant will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

41. Upon information and belief, the Defendant has been, and is, actively inducing infringement of the '402 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

42. The Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiffs' rights, and wanton, and as a result, the Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284.

43. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiffs pray that this Court enter an Order against the Defendant as follows:

A) A preliminary injunction and permanent injunction enjoining the Defendant from making, using, offering for sale, selling, and/or importing any product that infringes upon the '116 or '402 patents;

B) An award of damages adequate to compensate for the patent infringement including lost profits but in no event less than a reasonable royalty, together with interest and costs pursuant to 35 U.S.C. § 284 *et al.*;

C) A trebling of patent infringement damages pursuant to 35 U.S.C. § 284 *et al.*;

D) Attorney's fees in a patent case pursuant to 35 U.S.C. § 285 *et al.*;

E) An accounting for damages resulting from Defendant's intellectual property infringement;

F) An assessment of interest on the damages so computed;

G) Judgment against Defendant indemnifying the Plaintiffs from any claims brought against the Plaintiffs for negligence, debts, malpractice, product liability, or other breaches of any duty owed by the Defendant to any person who was confused as to some association between the Plaintiffs and Defendant as alleged in this Complaint;

H) Judgment against Defendant for an accounting and monetary award in an amount to be determined at trial;

I) Requiring Defendant to account to the Plaintiffs for all sales and purchases that have occurred to date, and requiring the Defendant to disgorge any and all profits derived by Defendant for selling infringing product;

J) Requiring Defendant to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

K) Requiring Defendant to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

L) Requiring Defendant to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiff;

M) Ordering a product recall of infringing product for destruction;

N) Requiring Defendant to file with this Court and serve on the Plaintiffs within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

O) Requiring Defendant to provide to Plaintiffs all sales records, including but not limited to, email, mail, and advertising lists;

P) Damages according to each cause of action herein;

Q) Prejudgment interest; and,

R) Any such other relief in law or equity that this honorable Court deems just.

## JURY DEMAND

WHEREFORE, the Plaintiffs requests a trial by jury by the maximum number of jurors permitted at law on all issues so triable

1
2                                              Most Respectfully Submitted,
3
4                                                 /s/ David A. Welling
                                               **DAVID A. WELLING (0075934) (lead counsel)**
5                                              **C. VINCENT CHOKEN (0070530)**
                                               CHOKEN WELLING LLP
6                                              55 S. Miller Rd., Ste. 203
                                               Akron, Ohio 44333
7                                              Tel.    (330) 865 – 4949
                                               Fax     (330) 865 – 3777
8                                              davidw@choken-welling.com
9                                              vincec@choken-welling.com

10                                             **JOHN D. GUGLIOTTA (0062809)**
                                               PATENT + COPYRIGHT + TRADEMARK LAW GROUP
11                                             3020 W. Market St., Ste. C
                                               Akron, Ohio 44333
12                                             Tel.    (330) 253 – 2225
13                                             Fax     (330) 253 – 6658
                                               johng@inventorshelp.com
14
15                                             *Counsel for the Plaintiffs*
16
17
18
19
20
21
22
23
24
25
26